```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS
```

|                                |   |                      |
|--------------------------------|---|----------------------|
| **PRUDENCE KANTENGWA,**        | ) |                      |
|     Petitioner, | ) |                 |
|                                | ) |                      |
| v.                             | ) | Civil Action No.     |
|                                | ) | 19-cv-12566-NMG      |
| **CHRISTOPHER BRACKETT, et al.,** | ) |                   |
|     Respondents. | ) |                |
|                                | ) |                      |

## ORDER OF TRANSFER

**GORTON, J.**

Prudence Kantengwa, an immigration detainee confined at the Strafford County Detention Center in Dover, New Hampshire, has, through counsel, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241. For the reasons set forth below, the Court orders that this action be transferred to the United States District Court for the District of New Hampshire.

### I. Background

According to Kantengwa, she is a citizen of Rwanda who has continuously been in immigration custody since her removal order became final approximately 35 months ago. She represents that, in 2018, the Bureau of Immigration Appeals found her eligible for deferral of removal to Rwanda under the Convention Against Torture ("CAT"). Kantengwa states she has sent several letters to immigration officials, "reminding" them "of their obligation to find an appropriate alternative country for removal,

considering [her] CAT protection." Pet. ¶ 3. She claims that "ICE refuses to release her from custody and to consider conditions of release, such as supervision, parole, or bond." Id. Arguing that her continued confinement violates her right to due process, Kantengwa asks that the Court order her release or, in the alternative, "a constitutionally adequate hearing in accordance with law, at which the government bears the burden of proof." Id. at 15.

Kantengwa names as respondents Strafford County Detention Center Warden Christopher Brackett, Immigration and Customs Enforcement and several of its officials, the Department of Homeland Security and its Acting Secretary, and United States Attorney General William Barr. Kantengwa states that this action is properly brought in the District of Massachusetts because she lives in Massachusetts, the immigration proceedings against her took place in Massachusetts, and the criminal convictions against her which later gave rise to the immigration proceedings occurred in Massachusetts.

The petition has not been served so that the Court may review the document to determine whether the respondent should be required to reply to the petition. See 28 U.S.C. § 2243.

## II. Discussion

Kantengwa's confinement in New Hampshire raises the question of this Court's jurisdiction. The question of whether

the Court has jurisdiction over this matter breaks down into two subquestions: (1) Who is the proper respondent? and (2) Does this Court have jurisdiction over him or her? See Rumsfeld v. Padilla, 542 U.S. 426, 434 (2004).

As to the first question, the proper respondent to a habeas petition is "the person who has custody over [the petitioner]." 28 U.S.C. § 2242. In challenges to present physical confinement, "the default rule is that the proper respondent is the warden of the facility where the prisoner is being held, not the Attorney General or some other remote supervisory official." Padilla, 542 U.S. at 435. Although the Supreme Court has not decided whether the Attorney General is a proper respondent to a habeas petition filed by an alien pending deportation, see id. at 436, n.8, in the First Circuit, "an alien who seeks a writ of habeas corpus contesting the legality of his detention by the INS normally must name as the respondent his immediate custodian, that is, the individual having day-to-day control over the facility in which he is being detained," Vasquez v. Reno, 233 F.3d 688, 696 (1st Cir. 2000).[1] Therefore, the proper

---

[1] Accord Kholyavskiy v. Achim, 443 F.3d 946, 953 (7th Cir. 2006); Yi v. Maugans, 24 F.3d 500, 508 (3d Cir. 1994); but see Roman v. Ashcroft, 340 F.3d 314, 320 (6th Cir. 2003) (supervisory immigration official for the district in which a detention facility is located--not the warden of the facility--is proper respondent in alien habeas corpus cases); Henderson v. I.N.S., 157 F.3d 106 (2d Cir. 1998) (Attorney General proper respondent in alien habeas corpus cases).

respondent is the warden of the institution where Kantengwa was confined when the petition was filed. Because Kantengwa was at the Strafford County Detention Center at the time she filed her petition (and remains there still), the proper respondent is Warden Brackett. The other persons identified as respondents are not proper parties to this action.

With regard to the second question, district courts are limited to granting habeas relief "within their respective jurisdictions." Padilla, 542 U.S. at 442 (quoting 28 U.S.C. § 2241(a)). This means "nothing more than that the court issuing the writ have jurisdiction over the custodian." Id. (quoting Braden v. 30th Jud. Cir. Ct. of Ky., 410 U.S. 484, 495 (1973)). Thus, jurisdiction over Kantengwa's petition only lies in the District of Massachusetts if the Court has jurisdiction over Warden Brackett. However, the "general rule" is that "for core habeas petitions challenging present physical confinement, jurisdiction lies in only one district: the district of

---

The First Circuit has opined that "there may be extraordinary circumstances in which the Attorney General appropriately might be named as the respondent to an alien habeas petition," such as where the petitioner is held in an undisclosed location or the government "spirited an alien from one site to another in an attempt to manipulate jurisdiction," Vasquez, 233 F.3d at 696, but no such circumstances are alleged here.

4

confinement." Id. at 443.  Because the District of Massachusetts is not the district of Kantengwa's confinement, jurisdiction is lacking.

Instead of dismissing the petition, the Court will transfer this case to the appropriate United States District Court.  See 28 U.S.C. § 1404(a) ("[I]in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.").

## III. Conclusion

Accordingly, for the reasons set forth above, the Court orders that this action be TRANSFERRED to the United States District Court for the District of New Hampshire.

**So ordered.**

                                             /s/ Nathaniel M. Gorton  
                                             Nathaniel M. Gorton  
                                             United States District Judge

Dated: January 7, 2020